**Adama NDIAYE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney
General of the United States,
Respondent.**

**No. 04–4068–AG NAC.**

United States Court of Appeals,
Second Circuit.

Jan. 24, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Roberto Tschudin Lucheme, Glastonbury, Connecticut, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Daniel R. Hurley, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED.

Adama Ndiaye, through counsel, petitions for review of the BIA decision denying his claims for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA "adopts the decision of the [immigration judge ('IJ')] and merely supplements the IJ's decision, ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 272 (2d Cir.2005). This Court reviews *de novo* questions of law and issues regarding the proper application of legal principles to the facts and circumstances of an individual case. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003); *see also Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003). On the other hand, this Court reviews the IJ's factual findings, including credibility, under the more deferential substantial evidence standard, vacating them only if they are based on flawed reasoning, misstatements of the record, or erroneous legal standards. *See Secaida–Rosales,* 331 F.3d at 307; *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

The IJ did not make an explicit adverse credibility finding, but implied that he was denying Ndiaye's application primarily because of discrepancies between his I–589 form and his testimony. Because the BIA did not specifically adopt this finding, and criticized the IJ for his vagueness, this implied finding only merits limited deference. *Cf. Zhou Yun Zhang,* 386 F.3d at 73. The IJ did not specify how much of Ndiaye's testimony he found credible, if any. He noted several specific discrepancies, but failed to explain their significance, and stated that there were further, greater discrepancies, but failed to identify them. Because the IJ failed to identify the additional discrepancies, or to

address the validity of Ndiaye's explanation for them, this Court may not independently weigh these factors. *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005); *Secaida–Rosales*, 331 F.3d at 305. For this Court to "assume a hypothetical basis for the IJ's determination, even one based in the record, would usurp [his] role." *Cao He Lin*, 428 F.3d at 400. This Court may not uphold a finding that the IJ failed to make explicit, and which the BIA neither adopted nor rejected.

Ndiaye's claim of past persecution rested on the claims that the white Moors killed his father, and arrested, detained, and deported him to Senegal, because of their dark-skinned ethnic origin. The IJ failed to indicate whether these facts, if true, would amount to past persecution, and the BIA declined to find explicit error in this oversight. Although the IJ might have been implying that adverse credibility alone prevented Ndiaye from meeting his burden of proof, he failed to state so explicitly. Moreover, his cursory statement of the law of asylum, suggesting that an applicant only "must demonstrate ... a well-founded fear of persecution," was incorrect. This statement, combined with the IJ's finding that Ndiaye was ineligible for relief because he failed to establish a well-founded fear, implies that the IJ did not even consider, much less address, whether Ndiaye established past persecution.

The BIA committed legal error in concluding, too hastily, that even if Ndiaye had testified credibly and established past persecution, his claim would fail because he could not establish a well-founded fear of future persecution. Because neither the IJ nor the BIA provided any reasoned discussion of alleged past persecution, it is impossible to determine whether Ndiaye was entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 208.13(b)(1). If he was so entitled, then the government had the burden of rebutting the presumption, by establishing by a preponderance of the evidence that conditions in Mauritania had changed fundamentally, such that Ndiaye no longer had a well-founded fear. *See* 8 C.F.R. § 208.13(b)(1)(i)-(ii). The only evidence the government offered in rebuttal was the contention that thousands of Mauritanians had returned to their country. The IJ repeated this contention in his decision, but gave no indication that he was relying on it. Moreover, neither the government nor the IJ related this contention to the specific circumstances of Ndiaye's case, and the IJ failed to make an explicit finding on the significance of current country conditions.

The BIA's identification of specific facts in the record indicating a fundamental change of circumstances in Mauritania compounds, rather than resolves the IJ's errors. Under the relevant regulations at the time Ndiaye's appeal was filed and decided, the BIA was permitted to review the IJ's factual findings *de novo*, but not to engage in independent fact-finding. *See* 67 Fed. Reg. 54,878, 54,905 (2002); *see also* 8 C.F.R. § 1003.1(d)(3)(i), (iv) (2003). The BIA was required to consider all relevant evidence on the record, *see Yan Chen*, 417 F.3d at 272–73, but upon determining that further fact-finding was needed, was then required to remand to the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv). By delving into the record for evidence that would support the claim that conditions had changed fundamentally in Mauritania—which the IJ did not cite—the BIA clearly engaged in improper fact-finding.

This case is remanded to the BIA, with instructions to remand to the IJ to make specific factual findings regarding current

conditions in Mauritania as they relate to Ndiaye, and to address both past and future persecution. *See Yang v. McElroy*, 277 F.3d 158, 162 (2d Cir.2002) (emphasizing the IJ's obligation to establish the record). Additionally, because a significant amount of time has passed since Ndiaye's 1997 hearing, the BIA may consider on remand that conditions in Mauritania may have changed further in recent years, and take administrative notice of more recent reports. *See id.* at 162–63. Both Ndiaye and the government should then be given an opportunity to respond. *Id.* at 163 n. 4; *see also* 8 C.F.R. § 1003.1(d)(3)(iv)

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).